UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN REGISTRY OF PATHOLOGY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1678 (RMC) |
| OHIO CASUALTY INSURANCE CO.[1] | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This is a lawsuit about insurance coverage. American Registry of Pathology ("ARP") asked its insurer, Ohio Casualty Insurance Co. ("Ohio Casualty"), to pay and defend two lawsuits alleging negligent hiring by ARP. *See* Amended Complaint ("Am. Compl.") at 1. Ohio Casualty refused to do so. Initially, ARP advanced two breach-of-contract claims and a claim of bad faith refusal to pay (*i.e.*, bad faith refusal to provide insurance coverage), for which it seeks $30 million in punitive damages. Ohio Casualty moved to dismiss the third claim on the basis that such a tort is not recognized in the District of Columbia. ARP then filed leave to amend its complaint and an amended complaint that alleges two breach of contract claims, a breach of the covenant of good faith and fair dealing, and a bad faith refusal to pay. Ohio Casualty opposes the motion for leave to amend.

**I. BACKGROUND**

The facts of the underlying litigation are not germane to the pending motions. Suffice

---

[1] Defendant was initially identified as "Ohio Casualty Group, Inc." Its correct corporate name is substituted without objection.

it to say that ARP was sued twice for alleged negligent hiring of a cytotechnologist who misread the Pap smears of two individuals. Despite repeated requests, Ohio Casualty refused to provide a defense. Both cases have now been settled. ARP's two allegations of breach of contract rely on its commercial general liability insurance policy with Ohio Casualty and the alleged failure of the insurer to follow the terms of that contract. In addition, ARP alleges that Ohio Casualty showed willful and reckless disregard of its obligations to defend and pay. The complaint here was filed on September 30, 2004. Ohio Casualty filed its motion to dismiss Count 3 of the complaint on October 29, 2004, and it is now fully briefed. ARP filed a motion for leave to amend the complaint on November 4, 2004. That motion is also fully briefed and ready for decision.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal for failure to state a claim upon which relief can be granted is appropriate where it "appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The primary issue in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1984), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183 (1984). At this early stage of the proceedings, the court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336-37 (D.D.C. 1999). Although the court must construe the complaint in the light most favorable to

the plaintiff, it "need not accept inferences drawn by the plaintiff if such inferences are not supported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276. In addition, the court need not accept the plaintiff's legal conclusions as true. *See Alexis*, 44 F. Supp. 2d at 337.

### B. Motion for Leave to Amend Complaint

Under Rule 15 of the Federal Rules of Civil Procedure, a pleading may be amended after service of a responsive pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Consequently, leave to amend is to be granted absent bad faith, dilatory motive, undue delay . . . or prejudice on the non-moving party." *Mississippi Assoc. of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542 , 543 (D.D.C. 1991) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962) and *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971)).

### III. ANALYSIS

There are two related but distinct issues before the Court: (1) can ARP maintain a contract or a tort suit for bad faith refusal to provide insurance coverage under the laws of the District of Columbia and, regardless of the answer to that question, (2) can ARP maintain a contract suit for breach of the duty of good faith and fair dealing that seeks punitive damages?

### A. Bad Faith Refusal to Pay

ARP contends that Count III of the complaint "asserts a viable cause of action for Ohio Casualty's bad faith refusal to pay ARP's claim under a contractual theory" and that ARP "is eligible to recover punitive damages as a part of this contractual theory of liability." Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") at 13-14. ARP seeks to recover $30 million in punitive damages, which is why Ohio Casualty contests the viability of its

claim.

First, ARP's argument that it may recover punitive damages as a part of a claim for *contractual* bad faith refusal to pay is misplaced. "[I]t is well settled that no punitive damages will be allowed for breach of contract, regardless of defendants' motive. Plaintiff is confined to interest as the only recovery for the breach in excess of actual loss." *Minick v. Associates Inv. Co.*, 110 F.2d 267, 268 (D.C. Cir. 1940) (*per curiam*); *see Washington v. Group Hospitalization, Inc.*, 585 F. Supp. 517 (D.D.C. 1985) ("Punitive damages are not recoverable in the District of Columbia in a breach of contract action even if the breach was willful, wanton, or malicious."). While punitive damages are generally disfavored in the law, they are most appropriate "[in] the realm of tort actions generally . . . in cases which present circumstances of extreme aggravation." *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. App. 1982), *cert. den.* 459 U.S. 912 (1982).

However, whether ARP has presented a cognizable claim for bad faith refusal to pay that lies in tort presents a more complex issue. ARP bases its tort allegations of bad faith refusal to pay on a 1984 decision issued by Judge Harold Greene of this Court in *Washington v. Group Hospitalization, Inc.,* 585 F. Supp. 517 (D.D.C. 1984). Ohio Casualty contends that there is no such recognized tort in the District of Columbia because of a series of District Court decisions declining to follow Judge Greene's lead[2] and the failure of the District of Columbia City Council to adopt legislation with that purpose. *See* Defendant's Response to Plaintiff's Opposition to Motion to Dismiss ("Def.'s Reply") at 6-7. The undersigned is not bound by the

---

[2] *See Washington v. GEICO*, 769 F. Supp. 383, 386 (D.D.C. 1991); *American Nat'l Red Cross v. Travelers Ins. Co.*, 896 F. Supp. 8, 11 (D.D.C. 1995); *American Nat'l Red Cross v. Travelers Ins. Co.*, 924 F. Supp. 304, 307 (D.D.C. 1996).

decisions of members of this Court and there is no decision at an appellate level that resolves the point.

In *Washington v. Group Hospitalization, Inc.*, Judge Greene read *Continental Insurance Co. v. Lynham*, 293 A.2d 481, 483 (D.C. App. 1973), to stand for the proposition that the tort of bad faith refusal to pay is a recognized cause of action in several jurisdictions, including the District of Columbia. 585 F. Supp. at 520 ("Many jurisdictions have recognized a cause of action in tort for the bad faith refusal of an insurer to pay. The District of Columbia is no exception."). In fact, however, *Lynham* involved the question of payment of attorneys' fees and not the tort of bad faith refusal to pay. *See Washington v. GEICO*, 769 F. Supp. 383, 386 (D.D.C. 1991) ("The only issue before the Court of Appeals [in *Lynham*] was whether the award of attorneys' fees was justified. . . . The parties did not raise a tort claim of bad faith refusal to pay, nor did the Court of Appeals decide that such a cause of action existed.").

In addition, no legislative body within the District of Columbia has created a statutory private cause of action for bad faith refusal to pay an insurance claim. As noted by the court in *Washington v. GEICO*, this fact is particularly significant because the D.C. Code has provided for other remedies in this arena[3], yet has remained silent on this particular issue. *See id.* at 386-87 ("Relying upon the doctrine of *expressio unius est exclusio alterius* -- the mention of

---

[3]   "The District of Columbia Code provides a remedy in cases where the insurer fails to pay insurance benefits for injuries caused by uninsured motorists. A beneficiary may recover interest on the overdue benefits, D.C. Code Ann.§ 35-2100(c)(1981 ed.), and attorneys' fees incurred in recovering the overdue benefits. *Id*. § 35-2100(e)(1)." *Washington v. GEICO*, 769 F. Supp. at 386.

one thing implies the exclusion of another -- the Court will not infer a private cause of action for bad faith denial of an insurance claim when the District of Columbia Council has expressly provided for other remedies.") (internal citations and quotations omitted).

The Court is persuaded by the sound reasoning of Judge Thomas Flannery in *Washington v. GEICO* and declines to adopt or follow the holding in *Washington v. Group Hospitalization* that the bad faith refusal of an insurer to pay is a recognized tort in the District of Columbia. *See American Nat'l Red Cross v. Travelers Indemnity Co. of Rhode Island*, 896 F. Supp. 8, 10 n.4 (D.D.C. 1995) ("This Court is of the view that Judge Flannery's holding in *GEICO*, that such a tort does not exist under District of Columbia law, is the better approach.").

Accordingly, Defendant's motion to dismiss ARP's tort claim for bad faith refusal to pay will be granted.

### B. Breach of the Duty of Good Faith and Fair Dealing

ARP's amended complaint seeks to "clarify" the intentions of the initial complaint by adding a count for breach of the duty of good faith and fair dealing, a contract action that it says was fairly comprehended in the original complaint. *See* Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Amend Complaint ("Pl.'s Mot. to Amend") at 2. Ohio Casualty cries foul, arguing that ARP's attempt to amend the complaint in the face of a meritorious motion to dismiss should not be granted because such action would merely delay this case without purpose and would unfairly prejudice Defendant. *See* Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Def.'s Opp.") at 2.

The law is a wondrous thing. It goes from being marvelously clear to marvelously opaque – on the same issue – in a matter of a few words. On the one hand, "[w]here the basis of

a complaint is, as here, a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious." *Sere*, 443 A.2d at 37 (citing *Den v. Den*, 222 A.2d 647, 648 (D.C. App. 1966); *Minick v. Associates Investment Co.*, 110 F.2d 267, 268 (D.C. Cir. 1940); *McIntosh v. Aetna Life Insurance Co.*, 268 A.2d 518, 521 (D.C. App. 1970). On the other hand, "[t]he rule in this jurisdiction is that only where the alleged breach of contract 'merges with, and assumes the character of, a willful tort' will punitive damages be available." *Id.* (citing *Brown v. Coates*, 253 F.2d 36, 39 (D.C. Cir. 1968); *see also Washington v. GEICO*, 769 F. Supp. at 388 (punitive damages available in breach of contract action "where a breach of contract merges with and assumes the character of a wil[l]ful tort, calculated rather than inadvertent, flagrant, and in disregard of obligations of trust."). "The mere allegation that an insurer breached the duty of good faith and fair dealing does not automatically entitle a litigant to submit the issue to a jury for determination. . . . Until the facts . . . have established what might reasonably be conceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed." *American Nat'l Red Cross v. Travelers Indemnity Co. of Rhode Island*, 924 F. Supp. 304, 308 (D.D.C. 1996) (quoting *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993)).

        The Court will grant Plaintiff's motion for leave to amend the complaint and allow ARP to engage in discovery concerning its allegation that Ohio Casualty breached its duty of good faith and fair dealing. "Leave to amend should ordinarily be freely granted to afford a plaintiff 'an opportunity to test his claims on the merits,' and a refusal to allow an amendment must be based on a valid ground." *Gaubert v. Federal Home Loan Bank Bd.*, 863 F.2d 59, 69 (D.C. Cir. 1988)(quoting *Forman*, 371 U.S. at 182). This matter is in its early stages and the

Court can see no prejudice to Defendant from allowing the amendment to the complaint. While it is entirely too premature to determine whether there is any merit to this allegation, the Court notes that it will not get to the jury unless the Plaintiff can present sufficient facts from which tortious conduct "might reasonably be conceived." *American Nat'l Red Cross*, 924 F. Supp. at 308.

## IV.  CONCLUSION

For these reasons, Ohio Casualty's motion to dismiss ARP's claim of bad faith refusal to pay (Count 3 in the initial complaint and Count 4 in the amended complaint) will be GRANTED.  ARP's motion for leave to amend the complaint will otherwise be GRANTED.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: September 26, 2005.